IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Beth McDaniel,                  )
                                )
        Plaintiff,              ) Case No. 1:10-CV-699
                                )
    vs.                         )
                                )
Michael J. Astrue,              )
Commissioner of Social          )
Security,                       )
                                )
        Defendant.              )

O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of October 14, 2011 (Doc. No. 19) and Plaintiff Beth McDaniel's objections to the Report and Recommendation (Doc. No. 20). In her Report and Recommendation, Magistrate Judge Bowman concluded that the Administrative Law Judge's ("ALJ's") determination that Plaintiff is not disabled under the Social Security regulations because she does not have any severe impairments, and therefore is not entitled to receive disability insurance benefits and supplemental security income, was supported by substantial evidence. Therefore, Judge Bowman recommended that the ALJ's decision be affirmed and that this case be closed on the docket of the Court. For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ finding that

Plaintiff is not disabled under the Social Security regulations is **AFFIRMED.**

## I. Background

Plaintiff Beth McDaniel filed a claim for disability insurance benefits and supplemental security income based on the alleged impairments of "liver, hepatitis [and] knee problems." Tr. 133. Except for office notes from Plaintiff's chiropractor, the medical evidence in this case consists of records of Plaintiff's various emergency room visits over the years.

In May 1996, Plaintiff was diagnosed with a right shoulder strain and lumbosacral back strain after an on-the-job lifting injury. Tr. 327. Plaintiff was discharged with some prescription pain medication (Flexeril) but she was only restricted from work for two days. Id.

In December 2006, Plaintiff presented to the emergency room with complaints of leg pain, stomach pain, tremors, mental confusion, and apprehension. Plaintiff stated at that time that she had hepatitis. She also reported drinking two to six beers per day as well as rum and coke. Tr. 205. Subsequent testing, however, ruled out hepatitis. Tr. 218. Plaintiff was discharged from the hospital with diagnoses of chronic liver disease secondary to alcoholism, cholestatic liver disease, anemia, and depression. Tr. 202. Plaintiff was prescribed Zoloft, Librium, thiamine, and Protonix and was counseled to stop drinking. Id.

In November 2007, Plaintiff presented to the emergency room with left knee pain. She brought with her an older x-ray showing degenerative changes in that knee; however, there was no new injury to the knee. Tr. 226-228. Plaintiff declined obtaining new x-rays. Tr. 228. Plaintiff was discharged home with prescriptions for Lortab and penicillin. Id.

In July 2008, Plaintiff presented to the emergency room after an alleged sexual assault. Tr. 250. In addition to the assault, Plaintiff complained of neck pain. She also said that the assailant stepped on her foot. Id. She reported to the emergency room smelling of alcohol. Id. Plaintiff had some tenderness on palpation of the trapezius and decreased range of motion. There was also C-spine tenderness but x-rays of the C-spine were negative. Tr. 251. Plaintiff was discharged home with a prescription for Ultram. Id.

In August 2008, Plaintiff reported to the emergency room complaining of dental pain. Tr. 246. She was advised to see a dentist and was discharged with prescriptions for Darvocet and penicillin. Tr. 248. The discharge note also indicates that Plaintiff presented with a mild odor of alcohol. Id.

There are some medical records for several emergency room visits for treatment for subcutaneous cysts. Tr. 254-266.

Plaintiff received treatment from a chiropractor in 2009 for neck and back pain. Tr. 268-319. Plaintiff initially

rated her pain at 6 on a scale of 10, Tr. 318, but after a course of treatment the last office note in the record indicates her pain had subsided to 3 on a scale of 10.  Tr. 269.

       The state agency reviewing psychologist determined that there was insufficient evidence in the record to establish any mental impairment that would limit Plaintiff's ability to work. Tr. 242.  The state agency reviewing physician noted that Plaintiff's last physical examination was normal.  Tr. 256.  Both of the agency reviewers noted that Plaintiff refused to cooperate in providing additional information.  Tr. 242, 256.

       In addition to these medical records, during the evidentiary hearing before the ALJ, Plaintiff testified that she has problems with her left hand, it "goes out of whack" and she drops things.  Tr. 34.  Plaintiff testified that her pain in this hand was constant.  Tr. 35. Plaintiff claimed that this impairment stemmed from previous tendinitis surgery, though she could not recall when the surgery was performed.  Tr. 34.  There are no records in the administrative record to substantiate that this surgery was actually performed.

       Plaintiff also testified that her knee "goes out of whack" and she falls down a lot.  Tr. 36.  Plaintiff claimed further that her memory has been impaired since a 1989 car accident.  Tr. 37.  Plaintiff testified that her liver problem started when she lived in Mississippi and went through Hurricane

Katrina.  Tr. 38.  Plaintiff claimed that her liver condition causes her to vomit every morning.  Id.  Plaintiff apparently still maintains that she has hepatitis, but does not receive any treatment for that condition.  Tr. 38-39.

In her written decision, the ALJ concluded at the second step of the sequential evaluation process that Plaintiff does not have a "severe impairment" that limits her ability to perform work activities.  In reaching this conclusion, the ALJ noted Plaintiff's minimal medical treatment and her lack of cooperation in providing medical records.  Tr. 15.  The ALJ also noted Plaintiff's generally normal physical examinations.  Tr. 15-16.  The ALJ observed further that there are no records to confirm that Plaintiff's left hand was impaired in any way.  Tr. 16.

The ALJ observed next that hospital tests ruled out Plaintiff's claim of hepatitis.  The ALJ essentially rejected Plaintiff's claim that she was impaired by any liver condition, stating that her claim that she vomits every morning is inconsistent with the fact that she has been able to maintain her weight.  Id.  The ALJ also felt that Plaintiff downplayed her drinking problem during the hearing given the several emergency room notes reporting that she smelled of alcohol.  Finally, noting the absence of mental health treatment or other indications of psychological problems in the medical records, the

5

ALJ concluded that Plaintiff does not have any psychological or mental impairments.

Therefore, as stated, the ALJ denied Plaintiff's claim at step two on the grounds that she does not have a "severe impairment" as defined by the Social Security regulations. The ALJ also noted parenthetically that she would have denied Plaintiff's claim at the fifth step because the vocational expert testified that there are a significant number of jobs available in the national economy that Plaintiff can perform. Tr. 17.

The Appeals Council denied Plaintiff's petition for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner of Social Security. Plaintiff filed a timely complaint for review of the ALJ's decision. Plaintiff's specific statement of errors raised two claims. First, Plaintiff alleged that the ALJ failed to consider the combined effect of her impairments in concluding that she does not have a severe impairment. Second, Plaintiff alleged that the ALJ failed to properly evaluate her subjective complaints and credibility.

Magistrate Judge Bowman found that substantial evidence supports the ALJ's decision. After reviewing the medical evidence, Judge Bowman stated that the record is devoid of any suggestion that Plaintiff's various health problems cause any specific work-related limitations. Judge Bowman rejected Plaintiff's contention that the ALJ failed to consider the

combined effect of her impairments, noting that the ALJ specifically stated in her decision that Plaintiff's impairments are not severe, "whether considered singly or in combination." Tr. 14.  Judge Bowman also concluded that the ALJ's credibility determination was supported by substantial evidence.  Judge Bowman observed that there is no objective evidence in the record to support the severity of the impairments as claimed by Plaintiff.  Judge Bowman also determined that the ALJ evaluated Plaintiff's credibility in accordance with the applicable regulations and that her adverse credibility findings were supported by substantial evidence.  Judge Bowman, therefore, recommended that the ALJ's decision be affirmed and that the case be closed on the docket of the court.

Plaintiff then filed timely objections to Judge Bowman's Report and Recommendation.

## II.  Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ.  See 42 U.S.C. § 405(g).  The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision.  "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion."  LeMaster v. Sec'y of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986)

7

(internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Sec'y of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Sec'y of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

The ALJ denied Plaintiff's claim for disability insurance benefits and supplemental security income at step two after finding that she does not have a "severe impairment." Plaintiff argues that in arriving at this conclusion, the ALJ failed to consider the combined effect of her impairments on her ability to work and improperly evaluated her credibility.

The Social Security regulations have established a five-step process for evaluating claims for disability benefits. The claimant bears the burden of proof on the first four steps. Jones v. Commissioner of Social Sec., 336 F.3d 469, 474 (6th Cir.

8

2003). The claimant's failure to meet her burden of proof at any of these steps mandates denial of her claim. McClanahan v. Commissioner of Social Sec., 474 F.3d 830, 833 (6th Cir. 2006); 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").

The second step of the evaluation process requires the claimant to prove that she has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii). A "severe impairment" is an "impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). The Social Security regulations define "basic work activities" as follows:

> When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
>
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of judgment;
>
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 416.921(b). The claimant's burden to establish that she has a severe impairment at the second step is de minimis. Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988). At this step, an impairment is non-severe "only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." Id.; see also Salmi v. Sec'y of Health & Human Serv., 774 F.2d 685, 692 (6th Cir. 1985) ("[A]n impairment qualifies as non-severe only if, regardless of a claimant's age, education or work experience, the impairment would not affect the claimant's ability to work."). The Sixth Circuit views the severity requirement as an "administrative convenience" to weed out claims that are "totally groundless" from a medical standpoint. Higgs, 880 F.2d at 863.

Despite the claimant's minimal burden at the second step, a mere diagnosis of a medical condition is insufficient to establish a severe impairment unless there is some information concerning the limitations it imposes on the claimant's ability to work. Id. In determining whether the claimant's impairment is severe, the ALJ is entitled to reject medical opinions that are not backed by objective clinical findings. Id.; see also Despins v. Commissioner of Social Sec., 257 Fed. Appx. 923, 929 (6th Cir. 2007)("To surmount the step two hurdle, the applicant bears the ultimate burden of establishing that the administrative record contains objective medical evidence suggesting that the

10

applicant was 'disabled,' as defined by the Act, on or prior to the date that the applicant was last insured."). Finally, while the ALJ is required to consider the combined effect of the claimant's impairments on her ability to work, 20 C.F.R. § 404.1523, the ALJ is entitled to reject the claimant's subjective descriptions of her symptoms. Higgs, 880 F.2d at 864.

The Court is persuaded that substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled because she does not have a severe impairment, whether considered singly or in combination with other impairments. In other words, this is one of the rare cases that is totally groundless from a medical standpoint.

There is no evidence that Plaintiff now has or ever has had hepatitis. Indeed, testing specifically ruled out hepatitis. Plaintiff testified about an non-specific liver condition that supposedly causes her to vomit on a daily basis, but, as the ALJ noted, this claim is inconsistent with the fact that Plaintiff has been able to maintain her weight. Moreover, there was an adequate evidentiary basis for the ALJ to discount or reject Plaintiff's subjective complaints about her liver. First, as the ALJ observed, Plaintiff appeared to minimize the significance of her drinking problem. The record contains at least three incidents where Plaintiff reported to the emergency room for treatment smelling of alcohol. Second, there are no objective

medical findings that substantiate a liver condition that impairs Plaintiff's ability to work. Even after Plaintiff's initial emergency room visit when she first complained of hepatitis, she was discharged home with no limitations on her activities. Tr. 202.

There is no objective medical evidence substantiating an impairment based on knee problems. Plaintiff reported to the emergency room for knee pain not related to any injury. Tr. 226. She had a old x-ray that showed non-specific degenerative changes to the knee. Plaintiff's physical examination, however, was essentially normal. Tr. 228. She refused any further treatment or diagnostic testing of her knee. Id. She was discharged home with a prescription for pain medication. There is no objective medical indication, however, that knee pain has any effect on Plaintiff's ability to work. Again, there was a sufficient basis for the ALJ to reject Plaintiff's unsubstantiated testimony that her knee "goes out of whack" and that she falls down a lot.

Similarly, Plaintiff's complaints of a hand injury, back pain, and mental problems are nearly completely unsubstantiated. There are no medical records at all indicating that Plaintiff has ever had surgery on her hand, which in consequence causes her to drop things. The records from Plaintiff's chiropractor are not acceptable medical evidence to establish disability. Walters v. Commissioner of Social Sec.,

127 F.3d 525, 530-31 (6th Cir. 1997).  In any event, the chiropractor's records show a substantial improvement in Plaintiff's pain after a course of treatment.  Tr. 269.  Otherwise, as the ALJ wrote in her opinion, imaging studies have shown that Plaintiff's spine is normal. Tr. 15.  Nothing in the record substantiates Plaintiff's claim that her memory is impaired.  Plaintiff was prescribed Zoloft for depression at one point, but there is no evidence of any long-term treatment for depression.  There is no evidence that depression is a continuing problem or has any effect on Plaintiff's ability to work.

  Additionally, despite her contention otherwise, it is apparent that the ALJ considered the combined effect of Plaintiff's impairments at the second step.  A district court can conclude that an ALJ considered a plaintiff's impairments in combination where the decision itself suggests the ALJ did so.  Gooch v. Sec'y of Health & Human Servs., 833 F.2d 589, 591 (6th Cir. 1987).  "An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments[.]'"  Loy v. Sec'y of Health & Human Servs., 901 F.2d 1306, 1310 (6th Cir. 1990).  In this case, the ALJ discussed every impairment advanced by Plaintiff as a basis for disability and she specifically stated that she considered the combined effect of these impairments at

13


the second step. Tr. 14. Thus, the ALJ did consider the combined effect of Plaintiff's impairments in finding that she does not have a severe impairment.

Finally, Plaintiff argues that substantial evidence does not support the ALJ's credibility determinations. She argues, in fact, that the record shows that she was being truthful with the ALJ. For instance, she notes that she admitted to drinking every two months or so and that her employment history is sporadic. Plaintiff apparently contends that these relatively minor admissions compelled the ALJ to find her completely truthful about the limitations imposed by her alleged impairments. An ALJ's credibility determinations are entitled to substantial deference and will not be overturned lightly. Hardaway v. Sec'y of Health & Human Serv., 823 F.2d 922, 928 (6th Cir. 1987); Houston v. Sec'y of Health & Human Serv., 736 F.2d 736 F.2d 365, 367 (6th Cir. 1984). The Court finds that the ALJ's credibility determination was supported by substantial evidence.

A fair reading of the hearing transcript indicates that Plaintiff tried to downplay the significance of her drinking problem, which essentially is what the ALJ found. Moreover, this conclusion was supported by the several hospital records reporting that Plaintiff presented for treatment smelling of alcohol. Plaintiff's sporadic work history is undeniable;

therefore, her admission that she has moved around a lot and had not held down a job carries no weight. There is virtually no evidence in the medical records that substantiate Plaintiff's subjective complaints. See Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997) ("The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis."); see also id. ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence."). The ALJ's adverse credibility determination was amply supported by the administrative record.

## Conclusion

In conclusion, Plaintiff's objections to Magistrate Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED. THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date November 28, 2011           s/Sandra S. Beckwith
                                  Sandra S. Beckwith
                           Senior United States District Judge